EXHIBIT A

## GSRV-VTI, LP
## SUBSCRIPTION AGREEMENT
## FOR LIMITED PARTNERSHIP INTEREST UNIT

Mr. Eric Chelini
Golden State Renaissance Ventures, LLC
One California Street
Suite 2708
San Francisco, CA 94111

Mr. Chelini:

This Subscription Agreement is entered into in conjunction with, incorporates by reference, that certain Private Offering Memorandum of GSVR-VTI, LP, dated February 08, 2014 ("Memorandum").

The undersigned subscribing investor (the "undersigned"), in connection with a prospective investment of capital to purchase a unit of Limited Partnership interests (a "Unit") in GSVR-VTI, LP, a California limited partnership (the "Company"), hereby agrees as follows:

**1.     SUBSCRIPTION.**

**(a)**     The undersigned hereby irrevocably subscribes (the "Subscription") for one (1) Unit, at the price of Five Hundred Thousand Dollars ($500,000) plus Forty Thousand Dollars ($40,000) per Unit as a Syndication Fee, in accordance with the terms and conditions described herein and in the Limited Partnership Agreement of GSVR-VTI, LP (the "Partnership Agreement").

**(b)**     The undersigned acknowledges and agrees that the undersigned is not entitled to cancel, terminate or revoke this Subscription, any agreements of the undersigned hereunder or the power of attorney granted hereby, except as otherwise set forth in this Section 1 (b), and such Subscription, agreements and power of attorney shall survive (i) changes in the transaction, documents and instruments described in the information furnished to the undersigned ("Information") which in the aggregate are not material or which are contemplated by such Information; and (ii) the death or disability of the undersigned; provided, however, that if the Company shall not accept this Subscription, then this Subscription, all agreements of the undersigned hereunder and the power of attorney granted hereby shall be cancelled and revoked, and this Subscription Agreement will be of no force and effect.

**(c)**     The undersigned hereby irrevocably appoints Eric Chelini, the managing member of the Company's general partner, Golden State Renaissance Ventures, LLC ("General Partner"), acting individually, as the undersigned's true and lawful representative and attorney in fact in the undersigned's name, place and stead, (i) to receive and pay over to the Company on behalf of the undersigned, to the extent set forth in this Subscription Agreement, all funds received hereunder; (ii) to complete or correct, on behalf of the undersigned, all documents to be executed by the undersigned in connection with the undersigned's subscription for the Unit, including, without limitation, filling in or amending amounts, dates, and other pertinent information; and

015001.0002\1479856.1                                                1

(iii) to execute, acknowledge, swear to and file, in the name and on behalf of the undersigned: (A) the Partnership Agreement, to be entered into pursuant to this Subscription Agreement and any amendments to which the undersigned is a signatory; (B) any subsequent amendments to any such amendments as provided in the Partnership Agreement; (C) any agreements or other documents of any kind necessary or desirable to accomplish the business, purpose and objectives of the Company, as limited and defined in the Partnership Agreement; (D) any certificates of the Company required by law and all amendments thereto; (E) all certificates and other instruments necessary to qualify, or continue the qualification of, the Company in the states where it may be doing business; (F) all assignments, conveyances or other instruments or documents necessary to effect the dissolution of the Company; and (G) all other filings with agencies of the federal government, of any state or local government, or of any other jurisdiction, which General Partner considers necessary or desirable to carry out the purposes of this Subscription Agreement, the Partnership Agreement and any amendments thereto and the business of the Company. This power of attorney shall be deemed coupled with an interest, shall be irrevocable, shall survive the transfer of the undersigned's Unit and shall survive, and shall not be affected by, the subsequent death, disability, incapacity, incompetency, termination, bankruptcy, insolvency or dissolution of the undersigned.

**(d)** If the U.S. Citizenship and Immigration Service ("USCIS") denies the undersigned's "Immigrant Petition by Alien Entrepreneur," the undersigned may, within thirty (30) days after issuance of notice of such denial by USCIS, request the repurchase of the undersigned's Units by the Company and a refund of the Syndication Fee, less any applicable wire transfer fees. The repurchase price and refund of the Syndication Fee shall be payable within ninety (90) days after receipt of the repurchase request.

**2. PAYMENT.**

**(a)** The undersigned shall either enclose herewith a certified or official bank check payable to GSRV-VTI, LP. The check will be deposited with the Escrow Agent East West BAnk, as described in the Escrow Agreement of even date herewith.

**(b)** In the alternative, you may wire your capital contribution to the Escrow Agent:

    East West Bank
    Swift Code: : ▮▮▮▮
    Routing No. ▮▮▮▮
    East West Bank
    135 N. Los Robles Ave., Suite 600
    Pasadena, CA 91101
    Account GSRV-VTI, LP
    Account No ▮▮▮▮
    For Benefit of   MA Hui

**3. ACCEPTANCE OF SUBSCRIPTION.** The undersigned understands and agrees that the Company in its sole and absolute discretion reserves the right to accept or reject this or any other subscription in whole or in part or to cancel the offering. If this Subscription is rejected by the Company in whole or in part, or if the offering is cancelled,

015001.0002\1479856.1      2

Hui MA et al. v. GSRV et al.    Complaint – Exhibit A    2 of 8

the Company shall promptly return all or part of the funds received from the undersigned, less any applicable wire transfer fees, as the case may be, and this Subscription Agreement shall thereafter be for the amount accepted, or of no further force or effect if the subscription is rejected in full, or the offering is cancelled.

    4.    **REPRESENTATIONS AND WARRANTIES.** The undersigned hereby acknowledges, represents and warrants to, and agrees with, the Company as follows:

*[Note that item (b)(i) or (ii), item (c), and item (d) below must be initialed for this Subscription Agreement to be accepted.]*

    (a)    The undersigned understands that the offering and sale of the Units are intended to be exempt from registration under the Securities Act of 1933, as amended (the "Securities Act") and/or regulations thereunder and exempt from registration or qualification under any state law, and in accordance therewith and in furtherance thereof, the undersigned for the undersigned and the undersigned's heirs, personal representatives, successors and assigns represents and warrants and agrees as follows:

    (i)    The undersigned and/or the undersigned's advisor(s) has/have received the Information and has/have carefully reviewed it and understand(s) the information contained therein;

    (ii)    The undersigned acknowledges that all documents and records pertaining to this investment (including, without limitation, the Information) that the undersigned believes necessary for consideration and evaluation of the investment have been made available for inspection by the undersigned and the undersigned's attorney(ies), accountant(s) or advisor(s);

    (iii)    The undersigned and/or the undersigned's advisor(s) has/have had a reasonable opportunity to ask questions of and receive answers from a person or persons on behalf of the Company concerning the terms and conditions of the offering of the Units, and all such questions have been answered to the full satisfaction of the undersigned and/or the undersigned's advisors, and the undersigned has/have had the opportunity to obtain any additional Information which the Company possesses or can acquire without unreasonable effort or expense that is necessary to verify the accuracy of the Information or any other information furnished in connection with the investment;

    (iv)    No oral or written representations have been made other than as stated, or in addition to those stated, in the Information, and no oral or written information furnished to the undersigned or the undersigned's advisors in connection with the offering of the Units were in any way inconsistent with the information stated in the Information;

    (v)    The undersigned is not subscribing for the Unit as a result of or subsequent to any advertisement, article, notice or other communication published in any newspaper, magazine, or similar media or broadcast over television or radio, or presented at any seminar or meeting, or any solicitation of a subscription by a person other than a representative of the Company;

015001.0002\1479856.1

3

Hui MA et al. v. GSRV et al.    Complaint – Exhibit A    3 of 8

    **(vi)** The undersigned has reached the age of majority in the country in which the undersigned resides;

    **(vii)** The undersigned has adequate means of providing for the undersigned's current financial needs and contingencies, is able to bear the substantial economic risks of an investment in the Unit for an indefinite period of time, has no need for liquidity in such investment, and, at the present time, could afford a complete loss of such investment;

    **(viii)** The undersigned or the undersigned's purchaser representative (including the undersigned's professional advisor(s), who is unaffiliated with and is not compensated by the Company or any affiliate or agent of the Company, as the case may be) has such knowledge and experience in financial, tax and business matters so as to enable the undersigned to evaluate the merits and risks of an investment in the Company, to protect the undersigned's own interests in connection with the investment, and to make an informed investment decision with respect thereto;

    **(ix)** The undersigned is not relying on the Company with respect to the tax and other economic considerations of an investment;

    **(x)** The undersigned understands and acknowledges that the Units have not been registered under the Securities Act or any state securities law, that transferability of the Unit is restricted under such laws and that consequently the undersigned must bear the economic risks of investment for an indefinite period. The undersigned will not sell or otherwise transfer the Unit without registration under the Securities Act or applicable state securities laws or an exemption therefrom. The undersigned represents that the undersigned is purchasing the Unit for the undersigned's own account, for investment and not with a view to or in connection with resale or distribution except in compliance with the Securities Act and applicable state law;

    **(xi)** The undersigned recognizes that investment in the Company involves substantial risks, including loss of the entire amount of such investment, and has taken full cognizance of and understands all of the risks related to the purchase of the Unit; and

    **(xii)** The undersigned maintains the undersigned's domicile, and is not merely a transient or temporary resident, at the residence address shown on the signature page of this Subscription Agreement.

   **(b)** The undersigned represents and warrants as follows:

    **(i)** *(If applicable, Initial)* __H.M.__ My individual net worth, or my joint net worth with my spouse, exceeds US$1,000,000; or

    **(ii)** *(If applicable, Initial)* _____ My individual income was in excess of Two Hundred Thousand Dollars (US$200,000) in each of the two (2) most recent years, or my joint income with my spouse was in excess of Three Hundred Thousand Dollars (US$300,000) in each of the two (2) most recent years; and has a reasonable expectation of reaching the same income level in the current year.

   **(c)** *(Initial)* __H.M__ The undersigned represents and warrants that the

undersigned is not a resident in the United States.

(d)  *(Initial)* HM  The undersigned hereby agrees to provide such information and to execute and deliver such documents as may reasonably be necessary to comply with any and all laws and ordinances that the Company is subject to, including without limitation, such additional information as the Company may deem appropriate with regard to the undersigned's suitability to invest in the Company.

(e)  The undersigned acknowledges:

(i)  In making an investment decision the undersigned has relied on the undersigned's own examination of the Company and the terms of the Offering, including the merits and risks involved. THESE UNITS HAVE NOT BEEN RECOMMENDED OR APPROVED BY ANY FEDERAL OR STATE SECURITIES COMMISSION OR REGULATORY AUTHORITY. FURTHERMORE, THE FOREGOING AUTHORITIES HAVE NOT CONFIRMED THE ACCURACY OR DETERMINED THE ADEQUACY OF THE INFORMATION IN THIS DOCUMENT OR ANY OTHER INFORMATION FURNISHED TO THE UNDERSIGNED. ANY REPRESENTATION TO THE CONTRARY IS A CRIMINAL OFFENSE.

(ii)  The representations, warranties and agreements of the undersigned contained herein and in any other writing delivered in connection with the transactions contemplated hereby are made with the intent that they be relied on by the Company and its General Partner in determining the undersigned's suitability as a purchaser of a Unit, shall be true and correct in all respects on and as of the date of the acceptance of the subscription, as if made on and as of such date, and shall survive the execution and delivery of this Subscription Agreement and the purchase of the Unit.

(f)  Upon the Company's acceptance of this Subscription by admitting the undersigned to the Company and receipt of the minimum subscriptions, the undersigned's contribution to the Company deposited herewith may be transferred to the Company.

5.  **INDEMNIFICATION.**  The undersigned agrees to indemnify and hold harmless the Company, its General Partner, and their agents against any and all loss, liability, claim, damage and expense whatsoever (including, without limitation, any and all expenses including attorneys' fees reasonably incurred in investigating, preparing or defending against any litigation commenced or threatened or any claim whatsoever) arising out of or based upon any false representation or warranty or breach or failure by the undersigned to comply with any covenant or agreement made by the undersigned herein or in any other document furnished by the undersigned to any of the foregoing in connection with this transaction, including, without limitation, arising as a result of the sale or distribution of the Unit by the undersigned in violation of the Securities Act or other applicable law.

6.  **IRREVOCABILITY, BINDING EFFECT, ENTIRE AGREEMENT.**
The undersigned hereby acknowledges and agrees that this Subscription is irrevocable by the undersigned, that, except as required by law, the undersigned is not entitled to cancel, terminate or revoke this Subscription Agreement or any agreements of the undersigned hereunder and that this Subscription Agreement and such other agreements shall survive

the death or disability of the undersigned and shall be binding upon and inure to the benefit of the parties and their heirs, executors, administrators, successors, legal representatives and permitted assigns. This Subscription Agreement, the Memorandum, and the Company's Limited Partnership Agreement sets forth the entire agreement and understanding among the parties hereto with respect to the transactions contemplated hereby and supersedes any and all prior agreements and understandings relating to the subject matter hereof.

**7.    MODIFICATION.** Neither this Subscription Agreement nor any provision hereof shall be waived, modified, discharged or terminated except by an instrument in writing signed by the party against whom any such waiver, modification, discharge or termination is sought.

**8.    NOTICES.** Any notice or other communication required or permitted to be given hereunder shall be in writing and shall be mailed by certified mail, return receipt requested, sent by reputable overnight delivery service, or be personally delivered to the party to whom it is to be given (a) if to the Company, at the address set forth above; or (b) if to the undersigned, at the address set forth on the signature page hereof (or, in either case, to such other address as the party shall have furnished in writing in accordance with the provision of this Section 8). Any notice or other communication given by certified mail shall be deemed given two (2) business days after deposit in the mail, one (1) business day after deposit with a reputable overnight delivery service, or on personal delivery, except for a notice changing a party's address, which shall be deemed given at the time of receipt thereof.

**9.    ASSIGNABILITY.** This Subscription Agreement and the rights and obligations hereunder are not transferable or assignable by the undersigned.

**10.   APPLICABLE LAW.** This Subscription Agreement shall be governed by and construed in accordance with the laws of the State of California as applied to residents of California executing contracts wholly to be performed in California.

IN WITNESS WHEREOF, the undersigned has executed this Subscription Agreement.

MA Hui
Subscriber Name (Please Print)

Subscriber Name (Please Print)
[If more than one]

Resident Address

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
City, State, Country, Zip Code

State in which Subscription Agreement signed if other than state of residence:

State and date of organization, if entity:

Fill in Mailing Address only if different from Resident Address:

Mailing Address

City, State, Zip Code

_[signature]_
Signature of Investor(s) (individual)

Signature of Investor(s) (individual), [if more than one]

**Total Amount of Investment:**

$ 500,000.00

Number of Units: One (1)

01500L.0002\1479856.1

7

Hui MA et al. v. GSRV et al.    Complaint – Exhibit A    7 of 8

## SUBSCRIPTION ACCEPTANCE

The forgoing subscription is accepted for One (1) Unit of Limited Partnership Interest for a total aggregate purchase price of $ 500,000.00 , effective as of February 10, 2014.

GSRV-VTI, LP

By: Golden State Renaissance
Ventures, LLC
its General Partner

By: _____
Eric Chelini
its Managing Member

015001.0002\1479856.1 /Hui MA