| | |
|---|---|
| 1 | HANSON BRIDGETT LLP |
| | LAWRENCE M. CIRELLI, SBN 114710 |
| 2 | lcirelli@hansonbridgett.com |
| | KAYLEN KADOTANI, SBN 294114 |
| 3 | kkadotani@hansonbridgett.com |
| | 425 Market Street, 26th Floor |
| 4 | San Francisco, California 94105 |
| | Telephone:    (415) 777-3200 |
| 5 | Facsimile:    (415) 541-9366 |
| 6 | Attorneys for Defendants |
| | ERIC CHELINI and GSRV-VTI |
| 7 | MANAGEMENT, LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| HUI MA, AILING ZHAO, XI LIU, YIXUAN WANG, and RUI ZHANG, | Case No. 3:21-cv-00856-WHO |
| Plaintiffs, | **DECLARATION OF KAYLEN KADOTANI IN SUPPORT OF DEFENDANTS ERIC CHELINI AND GSRV-VTI MANAGEMENT, LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS OR, ALTERNATIVELY, STAY PROCEEDINGS** |
| v. | |
| GOLDEN STATE RENAISSANCE VENTURES, LLC, dba Golden Gate Global, a California Limited Liability Company; GSRV MANAGEMENT, LLC, a California Limited Liability Company; GSRV-VTI MANAGEMENT, LLC, a California Limited Liability Company; ERIC CHELINI, an individual; STEVEN KAY, an individual; and VERTEBRAL TECHNOLOGIES, INC., a Minnesota corporation, | Date:  May 26, 2021 |
| | Time: 2:00 PM |
| | Ctrm: 2 |
| | Judge: the Hon. William H. Orrick |
| Defendants. | |

17461230.1

-- Case No. 3:21-cv-00856-WHO
DECLARATION OF KAYLEN KADOTANI IN SUPPORT OF DEFENDANTS ERIC CHELINI AND GSRV-VTI MANAGEMENT, LLC'S MOTION TO COMPEL ARBITRATION

I, Kaylen Kadotani, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am Senior Counsel with Hanson Bridgett LLP, attorneys of record for Defendants ERIC CHELINI and GSRV-VTI MANAGEMENT, LLC. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On April 9, 2021, counsel for all parties participated in a video conference in which the subject of arbitration pursuant to the parties' contracts was discussed. During that conference, my office on behalf of Defendants GSRV-VTI Management, LLC and Eric Chelini, along with counsel for GSRV, LLC, GSRV Management, LLC, and Steven Kay, informed Plaintiffs' counsel that these defendants were considering moving this case into arbitration. The parties agreed to continue the conference to April 13, 2021 so that all counsel could review the relevant agreements and prepare for a more-substantive meet-and-confer.

3. During the April 13th conference, counsel for the above defendants reiterated their intention and request that the case proceed to arbitration pursuant to the parties' agreements. Counsel for Defendant Vertebral Technologies, Inc. also indicated a willingness to proceed to arbitration.

4. Plaintiffs' counsel disagreed with the applicability of the arbitration provisions in the parties' contracts and advised that Plaintiffs would not agree to arbitration.

5. According to its website, JAMS has two sets of general arbitration rules and procedures: a "Comprehensive" and "Streamlined" version. Both sets of rules are accessible on JAMS' public website, at the following URL: https://www.jamsadr.com/rules-download/.

6. Attached hereto as **Exhibit 1** is a true and correct excerpt of JAMS' Comprehensive Arbitration Rules & Procedures, which was downloaded from the above URL on April 19, 2021.

7. Attached hereto as **Exhibit 2** is a true and correct excerpt of JAMS' Streamlined Arbitration Rules & Procedures, which was downloaded from the above URL on April 19, 2021.

8. Both sets of the JAMS' Arbitration rules include the following provision, which delegates certain jurisdictional and arbitrability issues to the arbitrator:

17461230.1

-1-   Case No. 3:21-cv-00856-WHO
DECLARATION OF KAYLEN KADOTANI IN SUPPORT OF DEFENDANTS ERIC CHELINI AND GSRV-VTI MANAGEMENT, LLC'S MOTION TO COMPEL ARBITRATION

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability as a preliminary matter.

(Exhibit 1, at Rule 11(b); Exhibit 2, at Rule 8(b).)

9. According to its website, AAA has a singular set of rules and procedures for commercial disputes. This document is accessible on AAA's public website, at https://www.adr.org/Rules.

10. Attached hereto as **Exhibit 3** is a true and correct excerpt of AAA's Commercial Arbitration Rules and Mediation Procedures, which was downloaded from the above URL on April 19, 2021.

11. AAA's rules contain the following provision, which delegates certain jurisdictional and arbitrability issues to the arbitrator:

> The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterlcaim.

(Exhibit 3, at R-7(a).)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of April, 2021, at San Francisco, California.

*/s/ Kaylen Kadotani*
Kaylen Kadotani

-2-    Case No. 3:21-cv-00856-WHO
DECLARATION OF KAYLEN KADOTANI IN SUPPORT OF DEFENDANTS ERIC CHELINI AND GSRV-VTI MANAGEMENT, LLC'S MOTION TO COMPEL ARBITRATION

17461230.1

# EXHIBIT 1

# EXHIBIT 1

Local Solutions. Global Reach.™

# JAMS Comprehensive Arbitration Rules & Procedures

**Effective July 1, 2014**



incorporate a copy of a Complaint previously filed with a court. In the latter case, Claimant may accompany the Complaint with a copy of any Answer to that Complaint filed by any Respondent.

(c) Within fourteen (14) calendar days of service of the notice of claim, a Respondent may submit to JAMS and serve on other Parties a response and a statement of any affirmative defenses, including jurisdictional challenges, or counterclaims it may have.

(d) Within fourteen (14) calendar days of service of a counterclaim, a Claimant may submit to JAMS and serve on other Parties a response to such counterclaim and any affirmative defenses, including jurisdictional challenges, it may have.

(e) Any claim or counterclaim to which no response has been served will be deemed denied.

(f) Jurisdictional challenges under Rule 11 shall be deemed waived, unless asserted in a response to a Demand or counterclaim or promptly thereafter, when circumstances first suggest an issue of arbitrability.

## Rule 10. Changes of Claims

After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval. A Party may request a hearing on this issue. Each Party has the right to respond to any new or amended claim in accordance with Rule 9(c) or (d).

## Rule 11. Interpretation of Rules and Jurisdictional Challenges

(a) Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator shall be final.

(b)  Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

(c)  Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS.

(d)  The Arbitrator may, upon a showing of good cause or *sua sponte*, when necessary to facilitate the Arbitration, extend any deadlines established in these Rules, provided that the time for rendering the Award may be altered only in accordance with Rules 22(i) or 24.

## Rule 12.  Representation

(a)  The Parties, whether natural persons or legal entities such as corporations, LLCs or partnerships, may be represented by counsel or any other person of the Party's choice. Each Party shall give prompt written notice to the Case Manager and the other Parties of the name, address, telephone and fax numbers and email address of its representative. The representative of a Party may act on the Party's behalf in complying with these Rules.

(b)  Changes in Representation. A Party shall give prompt written notice to the Case Manager and the other Parties of any change in its representation, including the name, address, telephone and fax numbers and email address of the new representative. Such notice shall state that the written consent of the former representative, if any, and of the new representative, has been obtained and shall state the effective date of the new representation.

## Rule 13.  Withdrawal from Arbitration

(a)  No Party may terminate or withdraw from an Arbitration after the issuance of the Commencement Letter (see Rule 5), except by written agreement of all Parties to the Arbitration.

(b)  A Party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Parties and the Arbitrator.

# EXHIBIT 2

# EXHIBIT 2

# JAMS Streamlined Arbitration Rules & Procedures

*Effective July 1, 2014*



the Complaint with a copy of any Answer to that Complaint filed by any Respondent.

(c)  Within seven (7) calendar days of service of the notice of claim, a Respondent may submit to JAMS and serve on other Parties a response and a statement of any affirmative defenses, including jurisdictional challenges, or counter-claims it may have.

(d)  Within seven (7) calendar days of service of a counter-claim, a Claimant may submit to JAMS and serve on other Parties a response to such counterclaim and any affirmative defenses, including jurisdictional challenges, it may have.

(e)  Any claim or counterclaim to which no response has been served will be deemed denied.

(f)   Jurisdictional challenges under Rule 8 shall be deemed waived, unless asserted in a response to a Demand or counterclaim or promptly thereafter, when circumstances first suggest an issue of arbitrability.

## Rule 8.  Interpretation of Rules and Jurisdiction Challenges

(a)  Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator shall be final.

(b)  Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

(c)  Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS.

(d)  The Arbitrator may, upon a showing of good cause or *sua sponte*, when necessary to facilitate the Arbitration, extend any deadlines established in these Rules, provided that the time for rendering the Award may only be altered in accordance with Rule 19.

# EXHIBIT 3

# EXHIBIT 3

# Commercial

## Arbitration Rules and Mediation Procedures

**Including Procedures for Large, Complex Commercial Disputes**



Available online at **adr.org/commercial**

Rules Amended and Effective October 1, 2013

(b) A respondent may file a counterclaim at any time after notice of the filing of the Demand is sent by the AAA, subject to the limitations set forth in Rule R-6. The respondent shall send a copy of the counterclaim to the claimant and all other parties to the arbitration. If a counterclaim is asserted, it shall include a statement setting forth the nature of the counterclaim including the relief sought and the amount involved. The filing fee as specified in the applicable AAA Fee Schedule must be paid at the time of the filing of any counterclaim.

(c) If the respondent alleges that a different arbitration provision is controlling, the matter will be administered in accordance with the arbitration provision submitted by the initiating party subject to a final determination by the arbitrator.

(d) If the counterclaim does not meet the requirements for filing a claim and the deficiency is not cured by the date specified by the AAA, it may be returned to the filing party.

## R-6. Changes of Claim

(a) A party may at any time prior to the close of the hearing or by the date established by the arbitrator increase or decrease the amount of its claim or counterclaim. Written notice of the change of claim amount must be provided to the AAA and all parties. If the change of claim amount results in an increase in administrative fee, the balance of the fee is due before the change of claim amount may be accepted by the arbitrator.

(b) Any new or different claim or counterclaim, as opposed to an increase or decrease in the amount of a pending claim or counterclaim, shall be made in writing and filed with the AAA, and a copy shall be provided to the other party, who shall have a period of 14 calendar days from the date of such transmittal within which to file an answer to the proposed change of claim or counterclaim with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

## R-7. Jurisdiction

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

(c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.