| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | M. Ryan Pinkston (SBN 310971) |
|   | rpinkston@seyfarth.com |
| 3 | Alexandra V. Drury (SBN 291920) |
|   | adrury@seyfarth.com |
| 4 | 560 Mission Street, 31st Floor |
|   | San Francisco, California 94105 |
| 5 | Telephone:   (415) 397-2823 |
|   | Facsimile:    (415) 397-8549 |

Attorneys for Defendant
VERTEBRAL TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUI MA, AILING ZHAO, XI LIU, YIXUAN WANG, and RUI ZHANG,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN STATE RENAISSANCE VENTURES, LLC., dba Golden Gate Global, a California Limited Liability Company; GSRV MANAGEMENT, LLC, a California Limited Liability Company; GSRV-VTI MANAGEMENT, LLC, a California Limited Liability Company; ERIC CHELINI, an individual; STEVEN KAY, an individual; and VERTEBRAL TECHNOLOGIES, INC., a Minnesota corporation,<br><br>Defendants. | Case No. 3:21-cv-00856-WHO<br><br>**DEFENDANT VERTEBRAL TECHNOLOGIES, INC.'S NOTICE OF JOINDER IN DEFENDANTS' MOTIONS TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINDER MOTION**<br><br>Date: May 26, 2021<br>Time: 2:00 p.m. |

**TO THE COURT AND COUNSEL OF RECORD FOR PLAINTIFFS:**

**PLEASE TAKE NOTICE** that Defendant Vertebral Technologies, Inc. ("VTI") hereby joins in Defendants Golden State Renaissance Ventures, LLC, GSRV Management, LLC, GSRV-VTI Management, LLC, Eric Chelini, and Steven Kay's ("Defendants") Motions to Compel Arbitration and Stay Civil Proceedings, which are currently scheduled to be heard on May 26, 2021, at 2:00 p.m., or as

soon thereafter as may be heard in the above-referenced court, the Honorable William H. Orrick presiding.

The allegations of the complaint against VTI are intertwined, arise out of, or are related to the allegations in Plaintiffs' complaint against Defendants. Allowing VTI to join in an arbitration with the Defendants would promote judicial economy and prevent piecemeal litigation. There is direct threat of inconsistent judicial or juror decisions in arbitration and in a court filed lawsuit if VTI is not included in the same arbitration proceeding Defendants are seeking in their motions to compel arbitration.

Moreover, the applicable law is settled that non-signatories may be included in arbitration proceedings under such circumstances, particularly where the non-signatory is voluntarily seeking inclusion in an arbitration. *See Cisco Systems, Inc. v. Chung*, (explaining that "a non-signatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the non-signatory are 'intimately founded and intertwined' with the underlying contract obligations.") (citations omitted).

This joinder shall be based upon this Notice, the pleadings and records on file with this Court, the Motions to Compel Arbitration served by Defendants and the evidence and arguments set forth therein, which motions and evidence are incorporated by reference in this joinder, the points and authorities set forth in this joinder herein, and any and all evidence on behalf of any or all of the Defendants in this action.

DATED: April 20, 2021                                      Respectfully submitted,

                                                           SEYFARTH SHAW LLP


                                                           By:  /s/ Alexandra V. Drury
                                                                M. Ryan Pinkston
                                                                Alexandra V. Drury
                                                                Attorneys for Defendant
                                                           VERTEBRAL TECHNOLOGIES, INC.

2

DEFENDANT VERTEBRAL TECHNOLOGIES, INC.'S JOINDER IN MOTIONS TO COMPEL ARBITRATION
69698985v.1